**W. B. CLARK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26203.**

United States Court of Appeals Fifth Circuit.

Dec. 20, 1968.

Richard B. Thornton, Macon, Ga., for appellant.

Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

■ W. B. Clark appeals from his conviction for possession and transportation of nontax-paid whiskey in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a). He confines his specifications of error to the contents of the district judge's charge to the jury. To three parts of the charge, objection is raised for the first time on appeal; only one alleged error was properly preserved for appeal.[1] Appellant acknowledges that he failed to comply with the provisions of Fed.R.Crim.P. 30, relating to proper objection to contents of a charge;[2] but requested this Court to review the "semantic error" as reversible pursuant to Fed.R.Crim.P. 52(b), permitting appellate scrutiny of "plain error." The compliment to the jury, properly objected to at trial,[3] was also argued to have constituted reversible error.

■ We conclude that the parenthetical judicial remark to the jury[4] was impartial and legitimate, even if injected into the mainstream of the charge. We decline, in the circumstances here, to overrule the clear intent underlying Rule 30 where counsel failed to make timely objection to or alternative suggestion for the trial judge's wording of the charge. Cf. Johnson v. United States, 318 U.S. 189, 202, 63 S.Ct. 549, 555, 87 L.Ed. 704 (1943) (Mr. Justice Frankfurter, concurring). Finally, we conclude that the cumulative effect of the four charge remarks, if error at all, was unmistakenly "harmless beyond a reasonable doubt." Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fed.R.Crim.P. 52(a).

The judgment of conviction is, therefore, affirmed.

---

1. Clark is represented on appeal by the same counsel who tried his case in the trial court. Counsel presented no suggested charge to the trial court. He made three timely objections to the charge as given, involving evidentiary resolutions, weight afforded expert testimony, and a parenthetically inserted compliment to the jurors for willingly discharging their duty. Only the judicial compliment to the jury is included in this appeal.

2. Trial counsel is unmistakably required to make timely objection to the contents of a jury charge so that it may be corrected before the jury applies the charge to the evidence in determining its verdict. See Braswell v. United States, 5 Cir., 1952, 200 F.2d 597; 8 Moore, Federal Practice ¶30.04, pp. 30–8, 30–9 and ¶52.03[1], pp. 52–6, 52–7 (2d ed.1968); 4 Barron & Holtzoff, Federal Practice and Procedure, § 2235, pp. 247–252 (Wright ed.1951).

3. Clark's counsel asserted that the compliment to the jury parenthetically inserted into the charge constituted "an undue emphasis upon these * * * new jurors, of their obligation to the government who had required them to assume the role of jurors. * * *"

4. The judge complimented the jurors, particularly eight who had never served before, on their willingness to accept and perform "one of the greatest and most important and most responsible functions of good citizenship." Immediately thereafter, he admonished them also that their duty was "to acquit those who ought to be acquitted and to convict those who ought to be convicted under the evidence and under the law."